**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MANESSA FLONNOY                                                                                        PLAINTIFF

v.                                                  4:07CV00572 JLH/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                            DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Manessa Flonnoy, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs (docket entries #15 and #18), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

In her current application for benefits,[2] Plaintiff alleged disability[3] based on a fractured ankle and tibia, a visual impairment to her right eye, and pain. (Tr. 34.) According to Plaintiff she became disabled on August 4, 2004. (Tr. 57, 72, 83-87.)

After conducting an administrative hearing, during which Plaintiff and a vocational expert testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through October 26, 2006, the date of his decision. (Tr. 17.) On April 20, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision; thereby making it the final decision of the Commissioner. (Tr. 46.) Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 47 years old at the time of the administrative hearing. (Tr. 242.) She testified that she is a high school graduate[4] (Tr. 242), with past relevant work as a cashier and customer service clerk. (Tr. 12, 90-93, 243-44, 265.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. Step 1 involves a determination of whether the claimant is involved in

---

[2] It appears Plaintiff filed previous applications in 1996 and 2003. (Tr. 48-50, 224-229, 261.)

[3] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) & 1382(a)(C)(I).

[4] On one form, she indicated that she only completed the eleventh grade. (Tr. 88.)

substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i) (2005), §416.920. If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.*, § 404.1520(b), § 416.920.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(4)(ii), § 416.920. If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(a)(iii), § 416.920.[5] If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 404.1520(4)(iv), § 416.920. If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(4)(v), § 416.920. If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) was only insured, for the purposes of DIB, through September 30, 2006[6] (Tr. 12); (2) had not engaged in substantial gainful activity since her alleged onset date of August 4, 2004 (Tr. 13); (3) had a combination of "severe" impairments (*id.*); (4) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (5) was not totally credible in her subjective allegations (Tr. 14-15); (6) retained the RFC for sedentary work (Tr. 15); and (7) was able to perform other work, which jobs existed in significant numbers in the

---

[5]If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC is then used by the ALJ in his analysis at Steps 4 or 5. *Id.*

[6]In order to receive Disability Insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998); *Battles v. Sullivan*, 902 F.2d 657, 659 (8th Cir. 1990).

national economy, for example, check cashier, small parts assembly, appointment clerk and customer service clerk.[7] (Tr. 16.)  Thus, the ALJ concluded that Plaintiff was not disabled.[8]  *Id.*

Plaintiff argues that the ALJ erred: (1) in failing to fully and fairly develop the medical record; (2) in failing to accept the testimony of the vocational expert; and (3) in failing to ask the vocational expert a proper hypothetical question.  The Court will address each of these arguments separately.

First, Plaintiff contends that, in order to adequately develop the medical record, the ALJ was required to order a consultative examination, which focused on her problems with her right leg. (*Pltff.'s App. Br.* at 16.)  Plaintiff was involved in an automobile accident on August 3, 2004.  (Tr. 242-43.)  As a result, she underwent two surgeries on her right ankle.  (Tr. 249.)  In Orthopedic Clinic notes, dated September 1, 2004, she reported that she was pain-free.  (Tr. 121.)  Orthopedic Clinic notes, dated September 22, 2004, also reflected that she was pain free. (Tr. 116.)

In mid-November, she stepped on her ankle "funny."(Tr. 100.)  On December 8, 2004, she saw her orthopedic surgeon, Dr. Johannes Gruenwald.  She told him that, since injuring her ankle in mid-November, she had pain, "on and off."  Within the last two or three days, she also reported difficulty with her ankle bearing weight.  *Id.*  Dr. Gruenwald noted that Plaintiff had last been seen by him in September and that she failed to return in three weeks for a scheduled appointment and also did not begin prescribed physical therapy.  *Id.*  Dr. Gruenwald's physical examination of Plaintiff's right lower extremity revealed mild edema but no erythema.[9]  *Id.*  An x-ray of the ankle

---

[7]In making this finding, the ALJ did not specifically state that Plaintiff was unable to perform her past relevant work, but did allude to the vocational expert's testimony to that effect. (Tr. 16.)  He also reached Step 5 of the sequential evaluation process, which is an implicit finding that Plaintiff could not perform her past relevant work.  (Tr. 15-16.)

[8]At Step 5, the ALJ utilized the testimony of a vocational expert in response to a hypothetical question.  (Tr. 15-16.)  He also correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her RFC, age, education, and past work. (Tr. 15.)

[9]"Erythema" is redness due to capillary dilation, usually signaling a pathologic condition, *e.g.*, inflammation, infection.  PDR MEDICAL DICTIONARY 666 (3d ed. 2006).

revealed good placement of the surgical hardware and no new fracture. *Id.* Dr. Gruenwald again ordered Plaintiff to begin physical therapy and told her to come back after completion of physical therapy *or sooner if she continued to have pain. Id.*

Thereafter, Plaintiff attended eight physical therapy sessions through January 14, 2005. (Tr. 199-206.) There is no evidence that she returned to see Dr. Gruenwald. There is also no evidence of any later medical treatment. During the administrative hearing, Plaintiff testified that she was taking no medication and that she was seeing no doctor. (Tr. 261-62.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007); *Robinson v. Astrue*, 2008 WL 312034 (E.D. Ark.). The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). After reviewing the record, the Court concludes that it contained sufficient evidence upon which the ALJ could base an informed decision, without an additional consultative examination.

Second, Plaintiff contends that the ALJ erred because he did not accept the testimony of the vocational expert, who initially testified that Plaintiff's past relevant work as a check cashier and customer service clerk was light work, and then went on to state that she could perform those two jobs at the sedentary level. (*Pltff.'s App. Br.* at 16-19.) A fair reading of the vocational expert's testimony does not square with Plaintiff's argument. The vocational expert testified that Plaintiff's past relevant work as a check cashier and customer service clerk was performed at the light level. However, he also stated that some check cashier and customer service clerk jobs are performed at the sedentary level and that Plaintiff was capable of performing those jobs.[10] (Tr. 265-67.) Thus, the Court concludes that Plaintiff's second argument is without merit.

---

[10]Even if the Court assumes, for the sake of argument, that Plaintiff's point is well taken, the vocational expert went on to testify that there were two other sedentary jobs which the hypothetical individual could perform: small products assembler and appointment clerk. (Tr. 267.)

Third, Plaintiff argues that the ALJ failed to ask the vocational expert a proper hypothetical question because it did not include her visual restrictions. (*Pltff.'s App. Br.* at 19-20.) In the pertinent portion of his hypothetical question, the ALJ stated: "Nonexertionally, such an individual has 20/20 corrected vision in the left eye; in the right eye, sees only light, only light, no, no useful vision in the right eye." (Tr. 265.) It is difficult to imagine how the visual restrictions in Plaintiff's right eye could have been more clearly stated.

In addition, Plaintiff's attorney questioned the vocational expert. (Tr. 269-71.) If the ALJ's hypothetical had been inadequate, counsel could have remedied that on cross-examination. Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings. *Weikert v. Sullivan*, 977 F.2d 1249, 1254 (8th Cir. 1992); *accord, Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999); *White v. Astrue*, 2008 WL 565426, at *3 (E.D. Ark.).[11] Thus, the Court concludes that the ALJ's hypothetical question to the vocational expert was proper.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter*

---

[11]Although Plaintiff's Appeal Brief makes much of her visual limitation, she lost useful vision in her right eye in 1990. (Tr. 247.) Thus, she had worked with that limitation for years. (Tr. 90-93.) A condition that was not disabling during working years, and which has not worsened, cannot be used to prove present disability. *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990); *see also Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (claimant successfully employed many years with current cognitive abilities). Her hobbies were reading and watching television, which she did every day. (Tr. 70, 75, 79.) She drove until the time of her accident. (Tr. 253-54.)

*ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed, with prejudice.

DATED this 8th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE